UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RAYNALDO SAMPY** | **DOCKET NO. 6:23-cv-00747**<br>**SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **MAVERICK MORVANT, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights suit filed pursuant to 42 U.S.C. § 1983, by plaintiff Raynaldo Markeith Sampy Jr., who is proceeding pro se and in forma pauperis in this matter. His claims arise out of an October 2, 2022, arrest in Lafayette, Louisiana.

For reasons stated below, **IT IS RECOMMENDED** that all claims against Jennifer Ardoin and the Lafayette Consolidated Government[1] be **DENIED** and **DISMISSED.**

## I.     BACKGROUND

Plaintiff's civil rights complaint stems from an October 2, 2022, incident in downtown Lafayette. Plaintiff was standing outside of a nightclub on Jefferson Street at 1:35 a.m. when Officer Morvant told him that he had five seconds to leave, or he would be arrested. Doc. 1, p. 7. Plaintiff alleges that Morvant refused to tell him why he had to leave and when plaintiff "tried to explain procedure" to Morvant, Morvant used excessive force to arrest him- slamming him into a pole, twisting his arm and wrist, and swinging him around in aggressive manor. *Id*. at pp. 7-8.

Further, plaintiff alleges that Morvant testified that plaintiff threatened to kill a police officer and falsely charged him with remaining after forbidden, a charge which was later dropped.

---

[1] Claims against defendants Morvant and Jackson will be addressed in a separate order.

Plaintiff claims that defendant Jennifer Ardoin, the prosecutor on the case, lied to him about a video of the incident and then later accepted the charges against him in retaliation for "how Mr. Sampy was speaking." *Id*. at p. 8.

Plaintiff's claims against defendant Jackson stem from his failure to intervene to stop the alleged excessive force and false arrest by defendant Morvant.

Sampy names the Lafayette Consolidated Government as a defendant, as the "entity having ultimate authority, responsibility and control of and for the oversight, decisions affecting and funding of the Lafayette Police Department." Doc. 1, p. 7.

## II. LAW & ANALYSIS

### A. *Frivolity Review*

Sampy has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Defendants

#### a. Jennifer Ardoin

Sampy cannot sue prosecutor Jennifer Ardoin for her role in bringing charges and prosecuting him. A criminal prosecutor is immune from damages under § 1983 in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity extends to the prosecutor initiating the prosecution and carrying the criminal case through all judicial proceedings. *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991). Ardoin is therefore immune from civil damages in presenting the state's case and all claims against her should be dismissed.

#### b. Lafayette Consolidated Government

Claims against the Lafayette Consolidated Government ("LCG") should also be dismissed. A municipality may also incur §1983 liability for its non-policy-making employees' acts when a municipal policy of hiring or training causes those acts. *Benavides v. County of Wilson*, 955 F.2d 968, 972 (5th Cir. 1992); *Zarnow v. City of Wichita Falls, Tex.,* 614 F.3d 161, 170 (5th Cir. 2010). When such a claim is asserted, the plaintiff must show (1) that the training or hiring procedures of the municipality's policymaker were inadequate; (2) that the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy; and (3) that the inadequate hiring

or training policy directly caused the plaintiff's injury. *Benavides v. County of Wilson*, 955 F.2d at 972 (*citing City of Canton v. Harris*, 489 U.S. 378 (1989)); *Zarnow v. City of Wichita Falls, Tex.* 614 F.3d at 170.

With regard to claims against LCG, Sampy has not alleged that any LCG policy of hiring or training caused the alleged violations, nor has he identified an alleged policymaker or any general facts regarding an actual policy or custom that was the cause of his alleged constitutional violations. He simply names LCG as the "entity having ultimate authority, responsibility and control of and for the oversight, decisions affecting and funding of the Lafayette Police Department." Doc. 1, p. 7. Therefore, this Court concludes that the plaintiff has failed to state a plausible § 1983 claim against LCG based on a policy or custom that allegedly caused his constitutional violation.

### III. CONCLUSION

Accordingly, **IT IS RECOMMENDED** that all claims against Jennifer Ardoin and the Lafayette Consolidated Government be **DENIED and DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-5-

THUS DONE AND SIGNED in Chambers this 21st day of November, 2023.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**