UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RAYNALDO SAMPY** | **DOCKET NO. 23-cv-747** |
| | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **MAVERICK MORVANT, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**MEMORANDUM ORDER**

Presently pending in this matter is a Motion for Bond for Security for Costs, filed by the defendants [doc. 15] and a Motion to Order Subpoena Duces Tecum, filed by the plaintiff [doc. 17].

    I.    **Defendants' Motion for Bond for Security for Costs**

In their motion, the defendants ask the Court to order the plaintiff to post a bond in the amount of $10,000.00 in this matter. Doc. 15. Relying on Local Rule 54.6, the defendants contend that the present suit before the Court is without merit, and they "will incur significant costs to obtain a dismissal." Doc. 15, att. 1, p. 2. They argue that it is wholly unfair to allow repeat litigants, like Sampy, to drive up litigation costs but when taxed with the same try [to] avoid payment," as they allege he is doing in a suit presently pending in this Court. *See* defendants' exhibit 1, doc.15, att. 6.

LR 54.6, which provides:

> In any civil matter, the court, on motion or its own initiative, may order any party to file bond for costs or additional security for costs in such an amount and so conditioned as it may designate.

However, no costs have been ordered in this case. Instead, defendants move the Court to order Sampy to file a bond because they believe this suit is without merit and they anticipate it will be

dismissed and that Sampy will not be able to pay the costs they will incur in defending this suit. The Court finds that a bond is not appropriate at this time and under these circumstances. *See Guillory v. Starr Indem. & Liab. Co.,* 2019 U.S. Dist. LEXIS 115799 (W.D. La. July 11, 2019).

Accordingly, it is **ORDERED** that defendants' motion [doc. 15] be **DENIED**.

II.     **Plaintiff's Subpoena Duces Tecum**

Plaintiff has filed a "Subpoena Duces Tecum" asking the Court for assistance in obtaining video footage from his October 2, 2022, arrest from Maverick Morvant and the documentation associated with that arrest. Doc. 17. He believes the evidence is located either at Neuner Pate law firm or at the Lafayette Police Department. *Id*. Plaintiff does not indicate whether he issued a Rule 34 Request for Production or a Rule 45 Subpoena Duces Tecum to the custodian of the video surveillance evidence.

Discovery in civil cases is governed by the Federal Rules of Civil Procedure, specifically Rules 26 through 37 and 45. Pursuant to Rule 26(d), a party may generally not seek discovery from any source until after the parties have conferred as required by Rule 26(f). FED. R. CIV. P. 26(d)(1). Further, before seeking court assistance with discovery, plaintiff must present the discovery directly to the appropriate party or entity, in accordance with Rules 34 and/or 45 of the Federal Rules of Civil Procedure.[1] In addition, before filing a Motion to Compel, which is effectively what plaintiff has filed through his motion, Rule 37(a)(1) requires the movant to establish or certify that he conferred or attempted to confer with opposing counsel before seeking the Court's assistance with discovery.

---

[1] *Maloney v. State Farm Fire & Cas. Co.*, No. 06-9183, 2008 U.S. Dist. LEXIS 35331, 2008 WL 1850774, at * 2 (E.D. La. Feb. 20, 2015) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)) (pro se litigants are not exempt from complying with the procedural and substantive rules of law).

The fact that Plaintiff is proceeding pro se and in forma pauperis does not relieve him of the obligation to comply with the governing rules addressing the proper means of obtaining discovery.[2]

Plaintiff has not established that the custodian of video surveillance has failed to respond after being served with an appropriate discovery request.

Accordingly, **IT IS ORDERED** that plaintiff's motion [doc. 17] is **DENIED WITHOUT PREJUDICE** to the right to file a Motion to Compel after appropriately seeking to obtain the evidence from the party in possession, should they not produce same.

**THUS DONE AND SIGNED** in chambers this 8th day of February, 2024.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *See White v. St. Tammany Sheriff's Dep't,* 2023 U.S. Dist. LEXIS 172489, *2 (E.D. La. Sept. 27, 2023) (citing *Badman v. Stark*, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991). The *Badman* case is informative where the court noted: "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum. That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena duces tecum finds support among said Rules." *Badman*, 139 F.R.D. at 605. Plaintiff here has made no provision for the costs of obtaining this discovery should the items be sought from a non-party. *Id.*