UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RAYNALDO SAMPY**  **DOCKET NO. 6:23-cv-00747**
                                              **SECTION P**

**VERSUS**  **JUDGE ROBERT R. SUMMERHAYS**

**MAVERICK MORVANT, ET AL**  **MAGISTRATE JUDGE WHITEHURST**

## MEMORANDUM ORDER

Before the court is a Motion for Summary Judgment filed by plaintiff, Raynaldo Sampy. Doc. 21. The two-page motion contains no discussion of the law beyond refence to the summary judgment standard, nor does it contain a statement of undisputed material facts, references to the documents that support plaintiff's position, or a memorandum of authorities.

In response, the defendants filed a Motion to Dismiss Plaintiff's Motion for Summary Judgment, arguing that it does not comply with Local Rule 56.1, and, as such, must be dismissed. Doc. 24.

Local Rule 56 governs the submission of motions for summary judgment and provides:

> Motions for summary judgment must be accompanied by a memorandum. The memorandum must contain:
>
> (1) The legal basis on which the mover is entitled to judgment;
>
> (2) The material facts that the mover contends are not genuinely disputed; and
>
> (3) A pinpoint reference to the document or other exhibit that establishes each such fact.

The defendants correctly assert that plaintiff's motion does not comply with Local Rule 56.1[1]. There is no memorandum, no legal basis for judgment, no list of undisputed fact, no pinpoint references to exhibits establishing each fact. Plaintiff's pro se status does not exempt him from this Court's local rules. *Roberson v. Williams*, No. 23-CV-597, 2024 WL 534957, at *3 (W.D. La. Feb. 9, 2024) ("[E]ven a pro se plaintiff must specifically refer to evidence in the summary-judgment record to place that evidence properly before the court."); *Muse v. Louisiana*, No. 3:21-CV-02419, 2022 WL 21778332, at *1 (W.D. La. Oct. 31, 2022). Courts routinely deny or strike motions for summary judgment that do not contain a memorandum of authorities or otherwise comply with the local rules. *See e.g., Taylor v. U.S. ex rel. U.S. Drug Enf't Admin.*, No. 4:14-CV-00041-DMB, 2015 WL 5971188, at *8 (N.D. Miss. Oct. 14, 2015) ("It is the practice of this Court to deny a motion which does not provide a memorandum of authorities in support of its Motion and does not cite any cases supporting its claim.") (internal quotations omitted); *Banks v. The Clarion Ledger, Inc.*, No. CIVA305CV127WS, 2005 WL 3359075, at *2 (S.D. Miss. Dec. 9, 2005) (Accordingly, this court hereby denies plaintiffs' motion for summary judgment with direction to plaintiffs to follow the rules [and contemporaneously file a memorandum of authorities] should they wish to refile.").

In *Muse v. Louisiana,* the Monroe Division of this Court struck a pro se plaintiff's motion for summary judgment for failure to comply with Local Rule 56.1, holding that "although Muse is proceeding pro se, she must comply with the Rules of Civil Procedure and the Court's local rules." *See Muse v. Louisiana*, No. 3:21-CV-02419, 2022 WL 21778332, at *1 (W.D. La. Oct. 31, 2022).

Similarly, this Court finds that plaintiff's procedurally defective motion fails to establish material facts not in dispute that entitle him to summary judgment.

---

[1] Defendants also note that Local Rule 7.1 similarly provides, in pertinent part: "Except as provided in these rules, a motion must be supported by a memorandum."

-3-

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's Motion for Summary Judgment (doc. 24) is **GRANTED**. Plaintiff's Motion for Summary Judgment and exhibits attached thereto are stricken.

**THUS DONE AND SIGNED** in chambers this 21st day of August, 2024.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**